# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **WILLIAM STEVEN GILLIAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 1:24-cv-00033** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **PRINCE HEALTH GROUP, LLC,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Plaintiff's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 53). The Rule provides that "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Plaintiff seeks to dismiss this action without prejudice because Defendant has not engaged new counsel and Plaintiff states there "is no indication that Defendant intends to actively defend this action."

When the Court granted the motion to withdraw as counsel for Defendant on May 12, 2025, the Court ordered Defendant to retain new counsel within 45 days, which is June 26, 2025. (*See* Doc. No. 52). The Court previously warned that if Defendant had not secured counsel by that date, Plaintiff's motion to dismiss without prejudice would be granted. (Doc. No. 54). That date has now passed, and Defendant has not retained counsel.

Accordingly, the Court finds dismissal without prejudice is appropriate under Federal Rule of Civil Procedure 41(a)(2), Plaintiff's motion to dismiss (Doc. No. 53) is **GRANTED**, and this case is hereby **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDG